## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EBONY M. MCHUGH,

       Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,

       Agency.

DOCKET NUMBER
AT-0714-20-0833-C-1

DATE: February 5, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

Bradley R. Marshall, Mt. Pleasant, South Carolina, for the appellant.

Luis Ortiz Cruz, Esquire, Orlando, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before
the effective date of Acting Chairman Kerner's designation.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement.  For the reasons discussed below, we GRANT the appellant's petition for review and VACATE the compliance initial decision.  We FIND the agency in noncompliance with the settlement agreement and REFER the petition for enforcement to the Board's Office of General Counsel to obtain compliance with the parties' settlement agreement and for issuance of a final decision.  *See* 5 C.F.R. § 1201.183(c).

## BACKGROUND

¶2      On September 21, 2020, the appellant filed a Board appeal challenging the agency's decision to demote her from a GS-7 to a GS-5 Security Assistant under the authority of 38 U.S.C. § 714.  *McHugh v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0833-I-1, Initial Appeal File (IAF), Tab 1, Tab 4 at 21, 23-25, 37-39.[2]  On March 3, 2021, the parties entered into a settlement agreement whereby the appellant agreed to, among other things, withdraw her Board appeal, resign from her position with the agency, effective May 31, 2021, and cooperate with and preserve evidence for "all investigations pertaining to the [agency's] Police Service."  IAF, Tab 42 at 5-6, 8.  In exchange, the agency agreed to, among other things, provide the appellant with a lump sum payment of $75,000.  *Id*. at 4.  The agreement stated that the agency would make all reasonable efforts to provide the Defense Finance Accounting Service (DFAS) with any paperwork necessary to process the payment within 30 calendar days of the execution of the settlement agreement, i.e., no later than April 2, 2021.  *Id*. at 6.  On March 4, 2021, the administrative judge issued an initial decision

---

[2] Insofar as the agency's demotion action was not effective until September 27, 2020, the appellant's Board appeal was premature; however, it became ripe for the Board's adjudication shortly thereafter, and it was, therefore, appropriate for the administrative judge to process the appeal.  IAF, Tab 4 at 21, 23; *see Barrios v. Department of the Interior*, 100 M.S.P.R. 300, ¶ 6 (2005).

dismissing the matter as settled and entering the settlement agreement into the record for enforcement purposes. IAF, Tab 43, Initial Decision at 1-2.

¶3 On June 7, 2021, the appellant filed a petition for enforcement alleging that the agency had breached the terms of the parties' settlement agreement. *McHugh v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0833-C-1, Compliance File (CF), Tab 1 at 4-6. In her petition, the appellant averred that, following the execution of the settlement agreement, the agency had repeatedly reassigned her and subjected her to harassment, a "bogus investigation," and "racial and female related inquiries," which had impelled her to involuntarily resign from her position on April 8, 2021, i.e., prior to May 31, 2021. *Id*. at 5, 29. She also averred that the agency had "threatened to not make payment of the settlement proceeds." *Id*. at 5. The appellant explained that she sought both "immediate payment" and sanctions against the agency. *Id*. at 4-6. The appellant requested a hearing on the matter. *Id*. at 6.

¶4 The agency filed a response to the appellant's petition wherein it acknowledged that it had not paid the appellant the $75,000 lump sum but contended that it had otherwise complied with the terms of the agreement. CF, Tab 4 at 8. The agency stated that its "partial compliance" was due to the appellant's failure to provide truthful testimony on April 8, 2021, during an agency investigation. *Id*. at 9. The agency averred that, because of the appellant's purported failure in this regard, "it was determined" by various agency personnel "in consultation with [a]gency [c]ounsel" that the agency would not pay the appellant the $75,000 lump sum. *Id*. at 8-9. With its response, the agency provided, among other things, an April 7, 2021 email sent from an agency "HR Senior Strategic Business Partner" to the appellant's representative stating that "no funds will be paid per the settlement agreement until Ms. McHugh complies with her requirements as directed by us as the [a]gency." *Id*. at 8, 33. The agency also argued that the appellant had not, as alleged, been reassigned; rather, she had been detailed to another section "in support of COVID logistics

operations." *Id.* at 7. The appellant thereafter filed a reply to the agency's response, wherein she maintained that she had not breached any of the terms of the parties' settlement agreement. CF, Tab 5 at 4-9.

¶5 Without holding the appellant's requested hearing, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 6, Compliance Initial Decision (CID) at 1, 5. The administrative judge found that the agency had not breached the parties' settlement agreement; rather, the appellant had breached the agreement by resigning "prematurely" on April 8, 2021, in lieu of "remaining in the agency's employ until [May 31, 2021]" per the terms of the settlement agreement. CID at 4. In so finding, the administrative judge stated that he "ha[d] raised the issue of the appellant's premature resignation on [his] own motion" and indicated that, to the extent that the appellant maintained that her resignation was involuntary, she could file a separate appeal with the Board, which would be "independently adjudicated."[3] CID at 4 n.1. The administrative judge thereafter indicated that, because he had found that the appellant's premature resignation constituted a breach of the parties' agreement, he "need not address the agency's argument that the appellant breached the agreement by failing to cooperate" with an agency investigation. CID at 5.

¶6 The appellant has filed a petition for review, and the agency has filed a response. Compliance Petition for Review (CPFR) File, Tab 10 at 4-17, Tab 12 at 4.[4] In her petition for review, the appellant avers that she did not breach the

---

[3] To date, the appellant has not filed a constructive removal appeal with the Board.

[4] The appellant, through her representative, has submitted numerous additional filings on review; however, the intent of many of these filings is unclear. Prior to filing her petition for review, on July 9, 2021, the appellant submitted to the Board a pleading entitled "Reopening an Appeal Dismissed Without Prejudice." CPFR File, Tab 1. Two days later, the appellant submitted a supplement to this filing. CPFR File, Tab 2. Thereafter, the Office of the Clerk of the Board (Clerk's Office) informed the appellant via an acknowledgment letter that it would treat her filing(s) as a petition for review. CPFR File, Tab 3 at 1. The appellant thereafter requested to withdraw the two filings, explaining that she had intended to file a second petition for enforcement, not a petition

settlement agreement; rather, the agency breached the agreement by (1) failing to pay her the lump sum of $75,000 and (2) exhibiting conduct that forced her to resign early. CPFR File, Tab 10 at 4-17.

## ANALYSIS

¶7 The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010). The appellant, as the party alleging noncompliance, bears the burden of proving by preponderant evidence[5] that the agency breached the settlement agreement. *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, ¶ 7 (2008). In response to a petition for enforcement claiming breach of a settlement agreement, the agency should submit evidence of the measures it took to comply, but this is a burden of production only; the overall burden of persuasion on the breach issue remains with the appellant. *Turner v. Department of Homeland Security*, 102 M.S.P.R. 330, ¶ 5 (2006).

---

for review. CPFR File, Tab 4 at 4. On July 13, 2021, Clerk's Office rescinded its acknowledgment letter and explained that it would take no further action with the appellant's filings. CPFR File, Tab 5 at 1. The following day, on July 14, 2021, the appellant faxed a filing to the regional office, CPFR File, Tab 6, which was thereafter referred to the Clerk's Office as a potential petition for review, CPFR File, Tab 7 at 1. The Clerk's Office informed the appellant that, if she wished the Board to consider the July 14, 2021 filing as a petition for review, then she must inform the Board in writing on or before July 27, 2021. *Id*. The appellant thereafter indicated that she had not intended for the filing to be considered a petition for review. CPFR File, Tab 8 at 2. Accordingly, the Clerk's Office informed the appellant that it would take no further action regarding her July 14, 2021 submission. CPFR File, Tab 9 at 1. Thereafter, the appellant filed her petition for review. CPFR File, Tab 10. On October 29, 2021, the appellant submitted an additional pleading to the Board, which the Clerk's Office rejected for failure to comply with Board regulations. CPFR File, Tab 13 at 1-2. We have considered only the appellant's petition for review. CPFR File, Tab 10; *see* 5 C.F.R. § 1201.114(a) (explaining the types of pleadings permitted on review).

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

¶8      Here, the settlement agreement provided that the agency would make "all reasonable efforts" to provide DFAS with the paperwork necessary to process the appellant's $75,000 payment by April 2, 2021.  IAF, Tab 42 at 6, 8.  The agreement explained that DFAS was "a separate entity that administers payments" over which the agency exercised no control.  *Id.* at 6.  As stated above, the agency argues that it was relieved of its obligation to pay the appellant because she breached the parties' agreement by failing to provide truthful testimony on April 8, 2021.  CF, Tab 4 at 9.  However, the agency was obligated to initiate the lump sum payment no later than April 2, 2021, six days prior to the appellant's alleged breach.  IAF, Tab 42 at 6, 8; CF, Tab 4 at 9.  It is well established that a material breach of a contractual promise by one party discharges the other party from the contractual duty to perform what was exchanged for the promise. *Caston v. Department of the Interior*, 108 M.S.P.R. 190, ¶ 20 (2008). Accordingly, the appellant's alleged failure to cooperate with the agency's investigation does not excuse the agency's admitted failure to pay her the agreed-upon sum.[6]  For the same reason, we disagree with the administrative judge's conclusion that the appellant's April 8, 2021 resignation excused the agency from its obligation to pay the appellant.  CID at 4-5 & n.1.  Accordingly, we vacate the initial decision and find the agency in noncompliance with the settlement agreement.[7]

## ORDER

¶9      We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance.  This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(b)(1)

---

[6] To the extent that the agency contends that it was not required to initiate the lump sum payment until after the appellant had cooperated with its investigation, CF, Tab 4 at 9, we find that the terms of the settlement agreement do not support the agency's position, IAF, Tab 42 at 4, 6.

[7] We deny the appellant's request for sanctions against the agency at this juncture.  CF, Tab 1 at 6.

(i), including submission of evidence and a narrative statement of compliance. The agency's submission shall demonstrate that it has paid the appellant a lump sum of $75,000. The agency must serve all parties with copies of its submission.

¶10 The agency's submission should be filed under the new docket number assigned to this compliance referral matter, **MSPB Docket No. AT-0714-20-0833-X-1**. All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

¶11 The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(b)(1)(i). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that she is satisfied with the agency's actions and dismiss the petition for enforcement.

¶12 The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c)(1). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶13    This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon the Board's final resolution of the remaining issues in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.